**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                              No. 03-4002

FRANCISZEK PIOTR CETERA,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-02-2)

Submitted: July 25, 2003

Decided: August 13, 2003

Before WIDENER, WILKINSON, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Jane Ely Pearce, Research & Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Piotr Cetera appeals his conviction of one count of possession with intent to distribute ecstasy and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (2000); and one count of interstate travel to promote and carry on illegal activity and aiding and abetting, in violation of 18 U.S.C. §§ 1952(a)(3), 2 (2000). Finding no reversible error, we affirm.

On appeal, Cetera first argues that the evidence was insufficient to sustain the jury's verdict of guilt, specifically that he knew that the vehicle contained a large quantity of ecstacy. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). Our review of the record convinces us that the evidence was sufficient to establish Cetera's guilt.

Cetera next argues that the district court abused its discretion in refusing to allow him to retake the stand after he completed his testimony and testify regarding alleged prior consistent statements. We review a district court's rulings admitting or excluding evidence for an abuse of discretion. *United States v. Carter*, 300 F.3d 415, 423 (4th Cir. 2002), *cert. denied*, 123 S. Ct. 1253 (2003). We conclude that the district court did not abuse its discretion in enforcing its rule placing

limits on direct and cross-examination of witnesses, or in concluding that the statements in question were not admissible as prior consistent statements.

We therefore affirm Cetera's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*